**TOWN OF MERRILLVILLE, Board of Metropolitan Police Commissioners, and Merrillville Town Council, Appellants,**

v.

**John SHELHART, Appellee.**

No. 45A04–0504–CV–176.

Court of Appeals of Indiana.

Sept. 19, 2005.

Transfer Denied Dec. 8, 2005.

---

Stephen Bower, Cohen and Thiros, Merrillville, IN, Attorney for Appellants.

David W. Westland, Esq., Tauber Westland & Jasaitis, P.C., Schererville, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

The Town of Merrillville ("the Town"), its Board of Metropolitan Police Commissioners ("the Board"), and its Town Council ("the Council") appeal the trial court's order denying its motion for relief from judgment.

We reverse and remand.

### ISSUE

Whether the trial court abused its discretion when it denied the Town's motion.

### FACTS

John Shelhart retired from the Merrillville Police Department in 1995. On January 26, 2001, the Board of the Town passed Resolution 570 to "accept[ ] the appointment of John T. Shelhart to the position of Chief of Police, effective January 23, 2001, by a vote of the Merrillville Town Council" and to "reinstate[e] [Shelhart] as a permanent member of the Merrillville Police Force ... at the permanent rank of Captain." (App. 18).

In March of 2003, the Town—through its Board and the Council—and Shelhart entered into an employment contract ("Employment Contract"). Pursuant to the Employment Contract, Shelhart would serve as Chief of Police until December 31, 2005; Shelhart could only be terminated

for "good cause" as described by Indiana Code section 36–8–3–4 and by a three-fourths majority of both the Council and the Board; and if his employment were terminated before December 31, 2005, the Town would pay Shelhart a specified amount within thirty days of the termination.

The Council's March 2003 vote on the Employment Contract consisted of four of the seven members voting to approve. In the November 2003 election, only one of those four members was reelected to serve on the Council. In January of 2004, with the new Council in place, the Town terminated Shelhart's employment as Police Chief.

On January 20, 2004, the Town filed a complaint for declaratory judgment. In Count I, it asserted that Resolution 570 was invalid because, *inter alia*, it purported to establish "a rank of Captain for Shelhart without going through all of the established procedures" therefor and to "give Shelhart the permanent rank of Captain." (App. 12, 13). It sought "a declaratory judgment that Resolution 570 was invalid" and did "not, as a matter of Indiana law, establish Shelhart as a member of the Merrillville police department nor that he ha[d] the rank of Captain." (App. 13).

In Count II of its complaint, the Town alleged the Employment Contract was "illegal and invalid" because, *inter alia*, the term of the contract extended beyond that of the Council members voting to approve it. The Town also argued that the Employment Contract was invalid for various other reasons.

Shelhart filed an answer denying the allegations in the Town's complaint. Shelhart also filed a counterclaim, alleging that the Town had breached the Employment Contract when it terminated his "employment as the Chief of Police in January, 2004 without 'good cause,'" and that as a direct and proximate result of that breach, he was entitled to compensation damages as provided in the Employment Contract. (App. 31).

On July 26, 2004, the Town filed a motion for "summary judgment on the issue of the validity of" the Employment Contract. (App. 46). The Town sought "summary judgment to the effect that" the Employment Contract was "invalid because it goes beyond the term of office of the Councilmen voting." (App. 50). With its motion, the Town submitted an affidavit from Richard Bella. Bella was on the Council from 2000—2003, and in 2004 held the appointed position of Police Commissioner. Bella stated that he had opposed the Employment Contract "because there could be a change in the make-up of the Council come January 1, 2004," and that three of the four Council members voting to approve the Employment Contract "were out of office on January 1, 2004." (App. 54).

On September 15, 2004, Shelhart filed his memorandum in opposition to the Town's motion for summary judgment, his counter-motion for summary judgment, and his own affidavit. Shelhart also submitted deposition testimony by Bella. As undisputed material facts, Shelhart cited the terms of the Employment Contract, Shelhart's affidavit statement that his employment as Chief of Police had been terminated "in January of 2004 without 'good cause,'" and Bella's deposition testimony that the Board's rules and regulations were subject to amendment and revision by the Board without approval from the Council. (App. 93). Shelhart's memorandum argued that the Employment Contract was valid, and that the Town had breached it by terminating him without good cause, thereby entitling him to damages as provided in the contract. The

memorandum also argued that the Town's claim that the Board's rules and regulations barred Shelhart's reinstatement after having retired was rebutted by Bella's deposition testimony that the Board could change or amend its rules and regulations. Shelhart's memorandum asked the trial court to deny the Town's motion for summary judgment and grant his "Counter–Motion for Summary Judgment against the plaintiff as a matter of law." (App. 113).

The Town filed a motion to strike nearly all of Shelhart's affidavit. In its response to Shelhart, the Town expressed confusion about "what summary judgment … Shelhart is seeking in his Cross–Motion for Summary Judgment" and "contend[ed] that the pending motions before the trial court focus on the legality of the March, 2003, employment contract." (App. 121). Shelhart's response thereto did not address the confusion or the Town's claim about what was being argued on summary judgment.

On October 29, 2004, the parties appeared before the trial court to argue the summary judgment motions. The Town began by stating its

> view that the decision today or the issue today before the Court to be determined is very simple, whether or not the Town Council of the Town of Merrillville can enter into an employment contract with its police chief beyond the term of the elected officials['] office. That's really what I want to address, because if the Court rules in our favor on that, I think it resolves a lot of the issues in the litigation. If the Court denies or rules the other way that that contract is valid, then the litigation takes a whole different role.
>
> So, your Honor, that's what I am prepared to address today.

(App. 165). Shelhart's counsel then stated that Shelhart's

> counter-motion for summary judgment states the fact that our belief is that the contract is valid, and that the contract was breached. I don't think there is any dispute over the fact that Mr. Shelhart is no longer the chief of police in Merrillville. So to that extent, we believe the Court, if it found in our favor, could rule as a matter of law that the contract is number one valid, and number two, that there was a breach of that agreement. And then at that point, I think obviously if the Court finds against us on those two issues, then, as [counsel for the Town] stated, I think the litigation is significantly narrowed. But if it finds for us on those issues, I think also the litigation comes to pretty close to an end.
>
> So I think we are talking about relatively the same thing.

(App. 165–66). The arguments then proceeded, with the Town arguing that the Council did not have authority to enter into an employment "contract for its police chief beyond" the term of office of those voting on the contract, and with Shelhart arguing the "general rule for over 100 years in Indiana that a town council does have the authority to enter into contracts, including employment contracts, which extend beyond the term of the existing members." (App. 167, 171). Shelhart asked the trial court to "uphold the contract, find Mr. Shelhart was, in fact, removed from the position of police chief, which I don't believe there is any dispute on, and order compensation pursuant to that contract be paid." (App. 184). The Town concluded with its argument that "the contract that extends beyond the term of office of the elected officials that entered into it is invalid." (App. 189).

On November 5, 2004, the trial court issued its order on the Town's motion for summary judgment and Shelhart's counter-motion for summary judgment. The trial court found no genuine issues of material fact concerning the parties' motions for summary judgment and that Shelhart was entitled to judgment as a matter of law. The trial court found as fact that the term of Shelhart's employment as Chief of Police under Employment Contract was approximately two years and nine months; that it provided for termination solely based on "good cause" as specified in a section of the Indiana Code; and that if Shelhart's employment as Chief of Police were terminated before the end of the term, he would be paid a specified amount within thirty days of the termination. The trial court noted that the Employment Contract provided that the termination payment "was 'in addition to and . . . [to] have no bearing upon Shelhart's salary that he would be entitled to as a captain of the Merrillville Police Department or any other employment that he may have.'" (App. 6). Finally, the trial court found that the Town had "terminated Shelhart's employment as Chief of Police in January of 2004, without good cause." (App. 6). The trial court concluded that statutory and case law authorized the Town to appoint a police chief and to enter into a contract for that employment, with the term of that employment extending beyond the term of officials approving it, and that the Employment Contract was "valid and binding." (App. 7). The trial court held that because the Town had removed Shelhart without cause in January of 2004, the Town had "breached the Employment Contract," and Shelhart was "entitled to compensation" as provided therein. (App. 7, 8). The trial court then awarded Shel-

hart "a judgment" for that amount, as well as pre-judgment and post-judgment interest. (App. 8). The order further declared that the Town's motion for summary judgment was denied; the Town's motion to strike portions of Shelhart's affidavit was denied; and Shelhart's motion for summary judgment was granted.

On November 22, 2004, the Town filed a motion [1] asking the trial court "to certify its November 5, 2004, order ruling on . . . the Town's motion for Summary Judgment that sought to declare the [Employment Contract] invalid" and "Shelhart's Motion for Summary Judgment that the Town possessed the legal authority to enter into a contract beyond the term of office of the elected councilmen and further . . . that Shelhart was entitled to all of the benefits of the contract." (App. 140, 141). The Town argued that it had various "issues to be presented in the appeal" concerning the validity and terms of the Employment Contract. (App. 141).

On December 20, 2004, the trial court issued its order on the Town's motion. This order stated that its "Order of November 5, 2004, was a final Order . . . and disposed of all claims as to all parties." (App. 145). Accordingly, it denied the Town's motion for certification of an interlocutory order for appeal.

On January 7, 2005, the Town filed a motion "for relief under Trial Rule 60." (App. 147). The Town noted that the trial court had failed to act on its motion for certification of an interlocutory appeal "until after the appeal time from a final judgment had passed." (App. 151). The Town argued that the order of November 5, 2004, while subsequently described by the trial court as having disposed of all issues, had not addressed a number of the Town's claims as to why the Employment Con-

---

1. The motion noted that it was made within the thirty-day period allowed by Indiana Appellate Rule 14(B)(1) for discretionary interlocutory appeals.

tract should be declared invalid and had wholly failed to address its claim that Resolution 570 had improperly reappointed Shelhart to the police department and given him the permanent rank of captain. In addition, the Town argued that because the order had failed to address all the issues it raised and had neither stated "that there is no just reason for delay" nor for that reason had "express[ly] direct[ed] entry of judgment" pursuant to Indiana Trial Rule 54(B), "it was surprised that the November 5th order was considered a final order," and it was "excusable neglect" for its counsel to not have understood the order to be a final one. (App. 151, 153).

The trial court heard argument on the Town's motion on March 1, 2005. The Town asked that "whatever judgment has been entered in this matter literally . . . be opened up, so that we can have a final judgment that resolves all of the issues that have been raised by the plaintiff in its initial two-count complaint concerning the employment and contract of John Shelhart as Police Chief of Merrillville." (App. 193–94). The Town referred the trial court to the statements of counsel for both parties at the hearing on the summary judgment motions. The Town argued that because the order of November 5, 2004, did not address all its arguments as to why it believed the Employment Contract should be held invalid, it had been denied its "opportunity to have appellate review of the Court's decision" that the Employment Contract was valid. (App. 204). The Town also emphasized that its complaint had "raised the . . . legal issue as to whether or not if [Shelhart had] already been retired from the Department he can be re-activated," an issue which the "November 5th order did not address . . . whatsoever." (App. 203, 204).

On March 22, 2005, the trial court denied the Town's motion for relief. The Town timely initiated this appeal.

## DECISION

 The order appealed is that denying the Town's motion for relief from judgment under Indiana Trial Rule 60. The trial court "may relieve a party from an entry" of final judgment for "any reason justifying relief from the operation of the judgment." T.R. 60(B)(8). Whether to grant relief from judgment under T.R. 60(B) "is addressed to the equitable discretion of the trial court." *Fairrow v. Fairrow,* 559 N.E.2d 597, 599 (Ind.1990). "The burden is upon the movant to demonstrate affirmatively that relief is necessary and just." *Id.*

As in *Fairrow,* we find this to be a "very unusual case." *Id.* We discuss what we find to make it so.

First, we have the claims presented in the Town's complaint. The record indicates that the Town's motion for summary judgment—although, unfortunately, not labeled a motion for *partial* summary judgment—dealt exclusively with its claim that the Employment Contract was invalid because of the time period it covered. In its submission with its motion for summary judgment, the Town did not press any of its other claims as to why the Employment Contract was invalid; nor did it press its claim concerning Resolution 570. The Town's oral argument to the trial court similarly pressed only the single claim. Moreover, the Town's response to Shelhart's counter-motion for summary judgment expressly drew attention to possible confusion as to the purpose of the motions for summary judgment.

Trial Rule 56(C) provides that the trial court shall render summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"A summary judgment may be issued on less than all the issues or claims," but when "upon less than all the issues involved," it is *"interlocutory unless* the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all" the issues or claims. *Id.* (emphasis added). Similarly, Trial Rule 54(B) provides that when more than one claim for relief is presented in an action, "the court may direct the entry of a *final* judgment as to one or more but fewer than all of the claims or parties *only* upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." (emphasis added).

Thus, as a second matter, we have the fact that the trial court's order of November 5, 2004, failed to expressly recognize that multiple claims had been made by the Town and declare that the trial court's intent was to "dispose of all claims as to all parties." (App. 145). It may very well be that it was the Town's failure to clearly move for *partial* summary judgment that led to this result. Nevertheless, it appears indisputable that the trial court's November 5th order did not address all of the Town's claims as to why the Employment Contract should be found invalid and did not address the Town's claims as to the impropriety of Resolution 570.

And third, the fact that the Town acted in a timely fashion to appeal the trial court's determination that the Employment Contract was valid cannot be disputed. Having only argued one claim and having had that claim rejected by what it read to be an interlocutory order, it took the only possible action to appeal that order—by filing a motion to certify the order for an interlocutory appeal. Unfortunately, by the time the trial court ruled on the Town's motion and issued an order

that clearly stated its intent to have disposed of all issues in its order forty-six days earlier, the period for the Town to file an appeal had passed. *See* Ind. Appellate Rule 9(A) (appeal must be initiated "within thirty (30) days of entry of a Final Judgment").

We agree with the Town that because of this series of circumstances, it has "lost its right to appeal." Town's Br. at 18. Based upon the unusual circumstances in this case, we find the Town has "demonstrated that the relief [it] sought is necessary and just." *Fairrow*, 559 N.E.2d at 599. We note that the Town's brief makes clear that its primary goal is to challenge the validity of the Employment Contract. We believe that equity demands it be allowed to do so. However, it also remains that the Town made another claim in its complaint, and there has been no determination that Shelhart is entitled to judgment as a matter of law on the Town's challenge to the validity of Resolution 570. Because such a determination is one of law, we are concerned about the possible implication of statutory limitations on the reappointment of law enforcement officers, such as Indiana Code section 36-8-4-7 (maximum age for appointment), and on promotion in rank. The fact that this second matter requires resolution further supports our conclusion that relief from judgment is necessary and just in this case.

The Town sought relief, the authority for which lies within the equitable discretion of the trial court. *See Fairrow*, 559 N.E.2d at 599. Our supreme court "has stressed that '[e]quity supplies what equity requires.'" *VanDusen v. Stotts*, 712 N.E.2d 491, 495 (Ind.1999) (citation omitted). The town acted promptly in first seeking to appeal the trial court's order of November 5, 2004, and then to seek relief from an order that effectively foreclosed its appeal of that order. Equity aids the

vigilant. *See Wagner v. Estate of Fox,* 717 N.E.2d 195, 201 (Ind.Ct.App.1999). Based upon the circumstances presented and upon equitable principles, we find that the trial court abused its discretion when it did not grant the Town's motion for relief and allow the action to continue *in fieri* to a final judgment on all claims.

Reversed and remanded.

MATHIAS, J., and CRONE, J., concur.